## S. E. BELCHER v. D. A. GIVENS.

Pleadings — Petition — Demurrer — Personal     Property — Possession — Evidence — Ownership — Bill of Lading — Consignor.

> Construing the bill of sale with strictness, it shows that appellant had possession of the tobacco, and had at least a qualified interest therein, and that he delivered it to the defendant, who appropriated the proceeds to his own use. But possession of personal property is *prima facie* evidence of ownership; appellant being-possessed of it according to his petition, which, upon demurrer, is taken as true, the law implies a promise to account for it to his consignee.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

January 10, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

A demurrer having been sustained to the petition, and appellant having failed further to plead his petition was dismissed, and he has brought the case to this court.

It is alleged in substance by appellant that in February, 1864, he shipped on board the steamer Masonic Gem by R. D. Hughes in good condition twenty-three hogsheads of tobacco to Watts, Givens & Co., at Paducah, Ky., from Highland, Marshall Co., they paying freight and $18.25 charges from the place of shipment. That a bill of lading was executed by said boat and owners for said tobacco which he files. All of said tobacco was delivered to defendant, D. A. Givens, and shipped by him to Louisville and there sold, for the sum of $2,085.56 net proceeds, all of which said Givens received, and fails and refuses to pay to plaintiff although demanded. He further alleges that he paid out and expended for

said tobacco the sum of $1,992.25 on the 1st of July, 1863, and asks judgment for the $2,085.56, the amount for which he alleges Givens sold the tobacco, and for interest and costs.

Construing the petition with the utmost strictness it shows that the appellant had the possession of the tobacco, and had at least a qualified property therein, and that he by his agents delivered it to defendant, who disposed of it and appropriated the proceeds to his own use. But possession of personal property is *prima facie* evidence of ownership, and as appellant being possessed of the tobacco consigned it to appellee who sold and disposed of it according to the allegations of the petition which upon demurrer must be taken as true the law implies a promise to account for it to his consignor.

We are, therefore, of the opinion that the court below erred in sustaining the demurrer to the petition. Wherefore, the judgment is reversed, and the cause remanded, with directions to over-rule the demurrer, and for further proceedings consistent with this opinion.

*Bigger & Moss, for appellee.*